# EXHIBIT 1

**Exhibit 1**



Court : 236 Case : 335436 Search New Search Show Service Documents ONLY

**Cause Number : 236-335436-22** **Date Filed : 08-12-2022**

SANDRA LEDESMA | VS | QUICKTRIP CORPORATION

**Cause of Action :** INJURY OR DAMAGE, PREMISES

**Case Status :** PENDING

| File Mark | Description | | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|---|
| 08-12-2022 | PLTF'S ORIG PET | PDF | N | | $350.00 | |
| 08-12-2022 | PAYMENT RECEIVED trans #1 | | Y | | | $213.00 |
| 08-12-2022 | PAYMENT PAID TO STATE trans #1 | | Y | | | $137.00 |
| 08-12-2022 | CIT-ISSUED ON QUICKTRIP CORPORATION-On 08/18/2022 | PDF | N | Svc | $8.00 | |
| 08-12-2022 | PAYMENT RECEIVED trans #4 | | Y | | | $8.00 |
| 08-17-2022 | EMAIL CIT REQ - TO DP/IJ | | | | | $0.00 |
| 08-23-2022 | CIT RETURN - QUICKTRIP CORP | PDF | | | | $0.00 |
| 08-23-2022 | CIT Tr# 4 RET EXEC(QUICKTRIP CORPORATION) On 08/19/2022 | PDF | | | | $0.00 |
| 09-09-2022 | DEFN ORIG ANS & VERIFIED DENIAL | PDF | | | | $0.00 |
| 09-09-2022 | JURY REQUESTED | | | | | $0.00 |
| 09-13-2022 | PLTF'S AMD ORIG PET (+/-0) | PDF | | | | $0.00 |
| 09-16-2022 | DEFN'S ORIG ANS TO PLF'S 1ST AMD PET | PDF | | | | $0.00 |

EXHIBIT 2

**Exhibit 2**

**CT Corporation**
**Service of Process Notification**
08/19/2022
CT Log Number 542168620

## Service of Process Transmittal Summary

**TO:**     Marshall Wells
            QuikTrip Corporation
            4705 S 129th East Ave
            Tulsa, OK 74134-7008

**RE:**     **Process Served in Texas**

**FOR:**    QuikTrip Corporation  (Domestic State: OK)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: SANDRA LEDESMA // To: QuikTrip Corporation<br>Name discrepancy noted. |
| **CASE #:** | 23633543622 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/19/2022 at 03:29 |
| **JURISDICTION SERVED:** | Texas |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/31/2022, Expected Purge Date: 09/05/2022 |
| | Image SOP |
| | Email Notification,  Marshall Wells  mwells@quiktrip.com |
| | Email Notification,  Kristen Snow  ksnow@quiktrip.com |
| | Email Notification,  Ronald Collins  rcollins@quiktrip.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |
| **REMARKS:** | . |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Fri, Aug 19, 2022
**Server Name:**                   Krystal Taylor

| Entity Served | QUICKTRIP CORPORATION DBA QUICKTRIP |
|---|---|
| Case Number | 236-335436-22 |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |



## THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

| | |
|---|---|
| *CITATION* | *Cause No. 236-335436-22* |

SANDRA LEDESMA

VS.

QUICKTRIP CORPORATION

**TO: QUICKTRIP CORPORATION**

D/B/A QUICKTRIP                                B/S REG AGENT-CT CORPORATION SYSTEM 1999 BRYAN ST STE 900 DALLAS, TX 75201-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 236th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

SANDRA LEDESMA

Filed in said Court on August 12th, 2022 Against
QUICKTRIP CORPORATION, D/B/A QUICKTRIP

For suit, said suit being numbered 236-335436-22 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

### JULIE WOLF
**Attorney for SANDRA LEDESMA Phone No. (972)338-4477**
**Address      12222 MERIT DR STE 1200 DALLAS, TX 75251**

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 18th day of August, 2022.

By *Nykole Taylor*

NYKOLE TAYLOR

A CERTIFIED COPY
ATTEST: 08/18/2022
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Nykole Taylor

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of
twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures
to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402**

### OFFICER'S RETURN *23633543622000004*

Received this Citation on the _____ day of _____, _____ at _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.


            Authorized Person/Constable/Sheriff: _____
            County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                                          _____
                              County of _____, State of _____

*CITATION*

Cause No. 236-335436-22

SANDRA LEDESMA

VS.

QUICKTRIP CORPORATION

ISSUED

This 18th day of August, 2022

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By        NYKOLE TAYLOR Deputy

JULIE WOLF
Attorney for: SANDRA LEDESMA
Phone No. (972)338-4477
ADDRESS: 12222 MERIT DR STE 1200

DALLAS, TX 75251

*CIVIL LAW*





*23633543622000004*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

FILED
TARRANT COUNTY
8/12/2022 10:20 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 236-335436-22 _____

| | | |
|---|---|---|
| **SANDRA LEDESMA,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **QUICKTRIP CORPORATION d/b/a** | § | |
| **QUICKTRIP** | § | |
| *Defendant.* | | **TARRANT COUNTY, TEXAS** |

---

### PLAINTIFF'S ORIGINAL PETITION

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW,** Sandra Ledesma, (hereinafter referred to as "Plaintiff"), who files this Plaintiff's Original Petition against QUICKTRIP CORPORATION D/B/A QUICKTRIP (hereinafter referred to as "Defendant"), and respectfully shows this Court as follows:

### I.    TEXAS RULE 47 DAMAGES STATEMENT

    Plaintiff prefers to have a judge or a jury determine the fair amount of compensation for Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury or judge's hands. However, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is required to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiff states that the monetary relief sought is more than $250,000 but not more than $1,000,000.00.

    Plaintiff submits this action under Discovery Control Plan II, per Rule 190.3 of the Texas Rules of Civil Procedure.

### II.    PARTIES AND SERVICE

    Plaintiff is a resident of Fort Worth, Texas.

    Defendant QUIKTRIP CORPORATION., (hereinafter referred to as "QUIKTRIP") is a

---

foreign for-profit corporation, doing business in the State of Texas.  Defendant may be served by serving its registered agent, CT CORPORATION SYSTEM, 1999 BRYAN STREET, SUITE 900, DALLAS, TEXAS 75201.

### III.    JURISDICTION

This Court has jurisdiction as Plaintiff's damages exceed the minimum jurisdictional limits of this Court. The Court has personal jurisdiction over the Defendant as Defendant performed work, and/or hired personnel to perform work in the State of Texas.

### IV.    VENUE

Venue is proper in Tarrant County, Texas, pursuant to 15.002 (3) of the Texas Civil Practice and Remedies Code, because the events giving rise the cause of action occurred in Tarrant, County.

### V.    FACTS

At all times relevant, Defendant was the possessor in control of the QuickTrip located at 1101 Hemphill Street, Ft. Worth, Texas 76104. (hereinafter referred to as the "premises").

On or about October 13, 2020, Plaintiff was inside of the premises when she slipped and fell on a very slippery substance on the floor. This fall caused Plaintiff significant personal injuries.

### VI.    NEGLIGENCE OF DEFENDANT

Defendant was the owner, operator, or in control of the premises. Plaintiff was in invitee at the time of the injury because she was a customer at QuickTrip. Defendant thus owed Plaintiff the duty to inspect the premises and maintain them in a reasonably safe condition. The condition of the premises posed an unreasonable risk of harm in that the condition of the floor was extremely dangerous. Defendant knew or reasonably should have known of the condition of the

premises because the slippery area on the floor was large. It appeared that the condition was there for a long period of time within close proximity to Defendant's employees that a reasonable inspection would have revealed the condition. The area where Plaintiff fell is a high traffic area that commonly has conditions that need attending to, and therefore Defendant was responsible for ensuring the safety of its patrons, and a reasonable inspection of the premises would have revealed the dangerous condition.

At all relevant times Defendant was guilty of negligence towards Plaintiff in the following respects:

    a.   Failing to keep the premises in a reasonably safe condition for Plaintiff;

    b.   Failing to inspect the premises to discover the wet, slippery, slick substance on the floor, a latent defect;

    c.   Failure to remove substance on the floor;

    d.   Failure to provide warning and/or adequate warning of the substance on the floor or dangerous condition by posting signage, a barrier, or other marker indicating the presence of danger; and

    e.   Failure to take any action to eliminate or reduce the unreasonable risk of danger presented by the substance on the floor.

Defendant's failure to use reasonable care was a proximate cause of Plaintiff sustaining injuries and damages that are described below.

## VII.   DAMAGES

As a direct and proximate result of Defendant's negligence, Plaintiff suffered severe injuries, mental and physical functioning, and disfigurement, for which Plaintiff required extensive medical treatment and has incurred medical bills.   Plaintiff also suffered severe

physical and mental pain, suffering, physical and mental impairment, depression, physical and mental disability, anguish, and loss of enjoyment of life.

In all reasonable probability, Plaintiff will continue to suffer in this manner for a long time into the future, if not for the balance of her life. Solely as a result of the injuries she sustained due to Defendant's conduct and/or omissions, Plaintiff has incurred doctors', and medical expenses. There is a more than reasonable probability that Plaintiff will incur additional expenses for necessary medical care and attention in the future for the injuries she incurred in the incident in sums unknown at this time.

### VIII.   NOTICE OF INTENT

Plaintiff hereby gives notice of intent to utilize any and all items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer in this cause and that, upon final trial, Plaintiff be awarded a final judgment against Defendant for the following:

    a.   All reasonable and necessary past medical expenses;

    b.   A sum for future medical expenses and treatment;

    c.   Monetary damages for past physical pain and suffering and mental anguish in an amount to be established at trial;

    d.   Monetary damages for future physical pain and suffering and mental anguish;

    e.   Past and future physical impairment as determined by a jury;

    f.   Past and future disfigurement;

g.  Lost wages;

h.  Costs of Court;

i.  Pre-judgment interest on all damages awarded at the highest legal rate;

j.  Post-judgment interest on all sums awarded herein at the highest legal rate until paid; and

k.  Such other and further relief to which Plaintiff may be justly entitled at law or in equity, specific or general.

Respectfully submitted,

**Wolf Law, PLLC**

By: _Julie Wolf_ _____

**Julie Wolf**
Texas Bar No. 24051542
julie@wolflawpllc.com
12222 Merit Dr., Suite 1200
Dallas, Texas 75251
Tel. (972) 338-4477
Fax. (972) 338-5044
*Attorney for Plaintiff*

# EXHIBIT 3

**Exhibit 3**

236-335436-22

FILED
TARRANT COUNTY
9/9/2022 2:04 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 236-335436-22

| | | |
|---|---|---|
| SANDRA LEDESMA, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 236th JUDICIAL DISTRICT |
| | § | |
| QUICKTRIP CORPORATION d/b/a | § | |
| QUICKTRIP, | § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER AND VERIFIED DENIAL

Defendant QuickTrip Corporation d/b/a QuickTrip ("QuikTrip" or "Defendant") files this Original Answer and Verified Denial to Plaintiff's Original Petition and, in support thereof, would respectfully show as follows:

**I.**
**VERIFIED DENIAL**

1.      By way of verified denial pursuant to Texas Rule of Civil Procedure 93, Defendant denies that Plaintiff is entitled to recover from Defendant in the capacity in which it has been sued. Specifically, Defendant denies that "QuickTrip Corporation, d/b/a QuickTrip" owned or operated the store or premises at issue on the date of this incident. Consequently, Plaintiff has no right or potential right of recovery against Defendant because the proper party has not been sued. *See, e.g., Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 571 (Tex. 2006).

**II.**
**GENERAL DENIAL**

2.      Defendant denies each and every material allegation contained in Plaintiff's Original Petition, and all amendments and supplements thereto, demands strict proof thereof, and to the extent that such matters are questions of fact, says Plaintiff should prove such facts

by a preponderance of the evidence and/or clear and convincing evidence to a jury, if she can so do.

## III.
## DEFENSES AND LIMITATIONS ON DAMAGES AND LIABILITY

3.      Defendant specifically denies Plaintiff's claims that it was negligent.

4.      Defendant asserts that Plaintiff's contributory negligence, actions, or omissions were the sole, producing, or proximate cause of Plaintiff's damages or injuries, if any, as Plaintiff failed to keep a proper lookout for the alleged unreasonably dangerous condition.

5.      To the extent applicable, Defendant may show that the acts or omissions of third persons not under the control of Defendant were the sole, producing, or proximate cause of Plaintiff's damages or injuries, if any.

6.      Defendant asserts that it had neither actual nor constructive knowledge of the condition about which Plaintiff complains and that, in any event, the alleged hazard was not "unreasonably dangerous."

7.      Defendant may further show that the damages of which Plaintiff complains, if any, were the result of prior, pre-existing, or subsequent injuries, accidents, or conditions, and said prior, pre-existing, or subsequent injuries, accidents, or conditions were the sole or a contributing cause of Plaintiff's damages, if any.

8.      Defendant may further show that Plaintiff breached her duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

9.      Defendant may further show that Plaintiff is malingering as that term is known in the law.

10.     Defendant may further show that the accident complained of was an unavoidable accident as that term is known in law.

11.     Defendant further asserts that any claims for medical or health care expenses incurred are limited to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to Texas Civil Practice and Remedies Code § 41.0105.

12.     Defendant asserts that it is entitled to contribution, indemnity, and all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law, in the unlikely event that an adverse judgment is rendered against it in this matter.

13.     Defendant contends that, pursuant to § 18.091 of the Texas Civil Practice & Remedies Code, to the extent Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

### III.
### SPECIAL EXCEPTION

14.     Answering further herein, Defendant also objects and specially excepts to section VIII of Plaintiff's Original Petition, titled "NOTICE OF INTENT," which improperly attempts to invoke Rule 193.7 of the Texas Rules of Civil Procedure. Specifically, section VIII states that "Plaintiff hereby gives notice of intent to utilize any and all items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7." However, Rule 193.7 requires that the party invoking Rule 193.7 provide

"***actual notice*** that the document ***will*** be used" to the producing party.[1] Furthermore, "the ten-day period allowed for objection to authenticity . . . does not run from the production of the material or information but from the party's ***actual awareness that the document will be used***."[2] Accordingly, it is clear that Rule 193.7 requires more than a mere blanket statement that all documents produced in discovery will be authenticated against the producing party. Such a blanket statement not only fails to satisfy the requirements of Rule 193.7, but it also places an unreasonable burden upon Defendant to review all documents it produces and prophylactically render objections regarding the authenticity of said documents. Therefore, Defendant requests that the Court strike section VIII of Plaintiff's Original Petition, titled "NOTICE OF INTENT" in its entirety.

## IV.
## COURT REPORTER REQUESTED

15.    Defendant respectfully demand a court reporter be present at all proceedings before the Court.

## V.
## JURY DEMAND

16.    Defendant asserts its right to a trial by jury under the Texas Constitution Article 1, section 15, and makes this demand for a trial by jury on all triable issues that are presented in this case in accordance with the Texas Rules of Civil Procedure 216.

---

[1]    Tex. R. Civ. P. 193.7 (2021) (emphasis added).

[2]    *Id.*, cmt. 7 (emphasis added).

## VI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully prays that Plaintiff take nothing by this cause of action, that Defendant be permitted to recover the costs expended on its behalf, and for such other and further relief to which Defendant may show itself justly entitled, in law or in equity.

Respectfully submitted,

*/s/ B. Kyle Briscoe*

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Nicolas M. Lund**
State Bar No. 24084391
nlund@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on September 9, 2022.

*/s/ B. Kyle Briscoe*
**B. Kyle Briscoe**

**VERIFICATION**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TARRANT | § |

Before me, the undersigned authority, did personally appear Nicolas M. Lund, who upon his oath deposes and says that he is one of the attorneys for Defendant, that he has never been convicted of a disqualifying crime, and that he is over the age of 21 and competent to make this verification.   Accordingly, he verifies that the facts alleged in Paragraph 1 of the foregoing pleading are true and correct.

_____
Nicolas M. Lund

Subscribed and sworn to before me on this ___ day of _____, 2022.

REMIGIO G DIMARCO
Notary ID #132891414
My Commission Expires
January 27, 2025

_____
NOTARY PUBLIC in and for the State of Texas

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bryan Briscoe on behalf of Bryan Briscoe
Bar No. 24069421
kbriscoe@peavlerbriscoe.com
Envelope ID: 68112687
Status as of 9/9/2022 2:19 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Wolf Law PLLC | | service@wolflawpllc.com | 9/9/2022 2:04:16 PM | SENT |
| Nicolas MLund | | nlund@peavlerbriscoe.com | 9/9/2022 2:04:16 PM | SENT |
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 9/9/2022 2:04:16 PM | SENT |
| Brandi Spillers | | bspillers@peavlerbriscoe.com | 9/9/2022 2:04:16 PM | SENT |
| Jennifer Renfro | | jrenfro@peavlerbriscoe.com | 9/9/2022 2:04:16 PM | SENT |

# EXHIBIT 4

**Exhibit 4**

236-335436-22

FILED
TARRANT COUNTY
9/13/2022 12:24 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 236-335436-22

| | | |
|---|---|---|
| **SANDRA LEDESMA,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **236th JUDICIAL DISTRICT** |
| | § | |
| **QUIKTRIP CORPORATION d/b/a** | § | |
| **QUIKTRIP** | § | |
| *Defendant*. | § | **TARRANT COUNTY, TEXAS** |

## PLAINTIFF'S AMENDED ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Sandra Ledesma, (hereinafter referred to as "Plaintiff"), who files this Plaintiff's Original Petition against QUIKTRIP CORPORATION D/B/A QUIKTRIP (hereinafter referred to as "Defendant"), and respectfully shows this Court as follows:

### I.     TEXAS RULE 47 DAMAGES STATEMENT

Plaintiff prefers to have a judge or a jury determine the fair amount of compensation for Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury or judge's hands. However, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is required to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiff states that the monetary relief sought is more than $250,000 but not more than $1,000,000.00.

Plaintiff submits this action under Discovery Control Plan II, per Rule 190.3 of the Texas Rules of Civil Procedure.

### II.     PARTIES AND SERVICE

Plaintiff is a resident of Fort Worth, Texas.

Defendant QUIKTRIP CORPORATION., (hereinafter referred to as "QUIKTRIP") is a

---

foreign for-profit corporation, doing business in the State of Texas.  Defendant may be served by serving its registered agent, CT CORPORATION SYSTEM, 1999 BRYAN STREET, SUITE 900, DALLAS, TEXAS 75201. **Issuance of Citation is NOT requested at this time.**

### III.    JURISDICTION

This Court has jurisdiction as Plaintiff's damages exceed the minimum jurisdictional limits of this Court. The Court has personal jurisdiction over the Defendant as Defendant performed work, and/or hired personnel to perform work in the State of Texas.

### IV.    VENUE

Venue is proper in Tarrant County, Texas, pursuant to 15.002 (3) of the Texas Civil Practice and Remedies Code, because the events giving rise the cause of action occurred in Tarrant, County.

### V.    FACTS

At all times relevant, Defendant was the possessor in control of the QuikTrip located at 1101 Hemphill Street, Ft. Worth, Texas 76104. (hereinafter referred to as the "premises").

On or about October 13, 2020, Plaintiff was inside of the premises when she slipped and fell on a very slippery substance on the floor. This fall caused Plaintiff significant personal injuries.

### VI.    NEGLIGENCE OF DEFENDANT

Defendant was the owner, operator, or in control of the premises. Plaintiff was in invitee at the time of the injury because she was a customer at QuikTrip. Defendant thus owed Plaintiff the duty to inspect the premises and maintain them in a reasonably safe condition. The condition of the premises posed an unreasonable risk of harm in that the condition of the floor was extremely dangerous. Defendant knew or reasonably should have known of the condition of the

premises because the slippery area on the floor was large. It appeared that the condition was there for a long period of time within close proximity to Defendant's employees that a reasonable inspection would have revealed the condition. The area where Plaintiff fell is a high traffic area that commonly has conditions that need attending to, and therefore Defendant was responsible for ensuring the safety of its patrons, and a reasonable inspection of the premises would have revealed the dangerous condition.

At all relevant times Defendant was guilty of negligence towards Plaintiff in the following respects:

    a. Failing to keep the premises in a reasonably safe condition for Plaintiff;

    b. Failing to inspect the premises to discover the wet, slippery, slick substance on the floor, a latent defect;

    c. Failure to remove substance on the floor;

    d. Failure to provide warning and/or adequate warning of the substance on the floor or dangerous condition by posting signage, a barrier, or other marker indicating the presence of danger; and

    e. Failure to take any action to eliminate or reduce the unreasonable risk of danger presented by the substance on the floor.

Defendant's failure to use reasonable care was a proximate cause of Plaintiff sustaining injuries and damages that are described below.

## VII.   DAMAGES

As a direct and proximate result of Defendant's negligence, Plaintiff suffered severe injuries, mental and physical functioning, and disfigurement, for which Plaintiff required extensive medical treatment and has incurred medical bills.  Plaintiff also suffered severe

physical and mental pain, suffering, physical and mental impairment, depression, physical and mental disability, anguish, and loss of enjoyment of life.

In all reasonable probability, Plaintiff will continue to suffer in this manner for a long time into the future, if not for the balance of her life. Solely as a result of the injuries she sustained due to Defendant's conduct and/or omissions, Plaintiff has incurred doctors', and medical expenses. There is a more than reasonable probability that Plaintiff will incur additional expenses for necessary medical care and attention in the future for the injuries she incurred in the incident in sums unknown at this time.

## VIII.   NOTICE OF INTENT

Plaintiff hereby gives notice of intent to utilize any and all items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer in this cause and that, upon final trial, Plaintiff be awarded a final judgment against Defendant for the following:

      a.  All reasonable and necessary past medical expenses;

      b.  A sum for future medical expenses and treatment;

      c.  Monetary damages for past physical pain and suffering and mental anguish in an amount to be established at trial;

      d.  Monetary damages for future physical pain and suffering and mental anguish;

      e.  Past and future physical impairment as determined by a jury;

      f.  Past and future disfigurement;

g.  Lost wages;

h.  Costs of Court;

i.  Pre-judgment interest on all damages awarded at the highest legal rate;

j.  Post-judgment interest on all sums awarded herein at the highest legal rate until paid; and

k.  Such other and further relief to which Plaintiff may be justly entitled at law or in equity, specific or general.

Respectfully submitted,

**Wolf Law, PLLC**

By: _____
**Julie Wolf**
Texas Bar No. 24051542
julie@wolflawpllc.com
12222 Merit Dr., Suite 1200
Dallas, Texas 75251
Tel. (972) 338-4477
Fax. (972) 338-5044
*Attorney for Plaintiff*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Julie Wolf on behalf of Julie Wolf
Bar No. 24051542
julie@wolflawpllc.com
Envelope ID: 68201946
Status as of 9/13/2022 12:40 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nicolas MLund | | nlund@peavlerbriscoe.com | 9/13/2022 12:24:50 PM | SENT |
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 9/13/2022 12:24:50 PM | SENT |
| Brandi Spillers | | bspillers@peavlerbriscoe.com | 9/13/2022 12:24:50 PM | SENT |
| Wolf Law PLLC | | service@wolflawpllc.com | 9/13/2022 12:24:50 PM | SENT |
| Jennifer Renfro | | jrenfro@peavlerbriscoe.com | 9/13/2022 12:24:50 PM | SENT |

# EXHIBIT 5

**Exhibit 5**

FILED
TARRANT COUNTY
9/16/2022 11:27 AM
THOMAS A. WILDER
DISTRICT CLERK

236-335436-22

CAUSE NO. 236-335436-22

| | | |
|---|---|---|
| SANDRA LEDESMA, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 236th JUDICIAL DISTRICT |
| | § | |
| QUICKTRIP CORPORATION d/b/a | § | |
| QUICKTRIP, | § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION**

**COMES NOW**, Defendant QuikTrip Corporation, filing this, its *Original Answer to Plaintiff's First Amended Petition*, respectfully showing as follows:

**I.**
**GENERAL DENIAL**

Defendant QuikTrip Corporation denies each and every material allegation contained in Plaintiff's First Amended Petition, and all amendments and supplements thereto, demands strict proof thereof, and to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence and/or clear and convincing evidence to a jury, if she can so do.

**II.**
**DEFENSES AND LIMITATIONS ON DAMAGES AND LIABILITY**

1.      Defendant specifically denies Plaintiff's claims that it was negligent.

2.      Defendant asserts that Plaintiff's contributory negligence, actions, or omissions were the sole, producing, or proximate cause of Plaintiff's damages or injuries, if any, as Plaintiff failed to keep a proper lookout for the alleged unreasonably dangerous condition.

3.      To the extent applicable, Defendant may show that the acts or omissions of third persons not under the control of Defendant were the sole, producing, or proximate cause of Plaintiff's damages or injuries, if any.

4.      Defendant asserts that it had neither actual nor constructive knowledge of the condition about which Plaintiff complains and that, in any event, the alleged hazard was not "unreasonably dangerous."

5.      Defendant may further show that the damages of which Plaintiff complains, if any, were the result of prior, pre-existing, or subsequent injuries, accidents, or conditions, and said prior, pre-existing, or subsequent injuries, accidents, or conditions were the sole or a contributing cause of Plaintiff's damages, if any.

6.      Defendant may further show that Plaintiff breached her duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

7.      Defendant may further show that Plaintiff is malingering as that term is known in the law.

8.      Defendant may further show that the accident complained of was an unavoidable accident as that term is known in law.

9.      Defendant further asserts that any claims for medical or health care expenses incurred are limited to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to Texas Civil Practice and Remedies Code § 41.0105.

10.     Defendant asserts that it is entitled to contribution, indemnity, and all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law, in the unlikely event that an adverse judgment is rendered against it in this matter.

11.     Defendant contends that, pursuant to § 18.091 of the Texas Civil Practice & Remedies Code, to the extent Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

### III
### SPECIAL EXCEPTIONS

Answering further herein, Defendant also objects and specially excepts to section VIII of Plaintiff's Original Petition, titled "NOTICE OF INTENT," which improperly attempts to invoke Rule 193.7 of the Texas Rules of Civil Procedure. Specifically, section VIII states that "Plaintiff hereby gives notice of intent to utilize any and all items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7." However, Rule 193.7 requires that the party invoking Rule 193.7 provide "***actual notice*** that the document ***will*** be used" to the producing party.[1] Furthermore, "the ten-day period allowed for objection to authenticity . . . does not run from the production of the material or information but from the party's ***actual awareness that the document will be used***."[2] Accordingly, it is clear that Rule 193.7 requires more than a mere blanket statement that all documents produced in

---

[1]     TEX. R. CIV. P. 193.7 (2021) (emphasis added).

[2]     *Id.*, cmt. 7 (emphasis added).

discovery will be authenticated against the producing party. Such a blanket statement not only fails to satisfy the requirements of Rule 193.7, but it also places an unreasonable burden upon Defendant to review all documents it produces and prophylactically render objections regarding the authenticity of said documents. Therefore, Defendant requests that the Court strike section VIII of Plaintiff's Original Petition, titled "NOTICE OF INTENT" in its entirety.

## IV
## COURT REPORTER REQUESTED

Defendant respectfully demand a court reporter be present at all proceedings before this Honorable Court.

## V
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully prays that: (a) Plaintiff take nothing by this cause of action; (b) this Honorable Court strike the identified portions of *Plaintiff's First Amended Petition* for the reasons set forth herein; (c) Defendant be permitted to recover from Plaintiff the costs and fees expended on Defendant's behalf in defense of this matter; and (d) this Honorable Court award Defendant all such other and further relief to which Defendant may show itself justly entitled, both at law and in equity.

Respectfully submitted,

**PEAVLER | BRISCOE**

*/s/ B. Kyle Briscoe*
_____

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Nicolas M. Lund**
State Bar No. 24084391
nlund@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned Counsel for Defendant hereby certifies that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on September 16, 2022.

*/s/ B. Kyle Briscoe*
_____
**B. Kyle Briscoe**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bryan Briscoe on behalf of Bryan Briscoe
Bar No. 24069421
kbriscoe@peavlerbriscoe.com
Envelope ID: 68330723
Status as of 9/16/2022 11:36 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nicolas MLund | | nlund@peavlerbriscoe.com | 9/16/2022 11:27:20 AM | SENT |
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 9/16/2022 11:27:20 AM | SENT |
| Brandi Spillers | | bspillers@peavlerbriscoe.com | 9/16/2022 11:27:20 AM | SENT |
| Wolf Law PLLC | | service@wolflawpllc.com | 9/16/2022 11:27:20 AM | SENT |
| Jennifer Renfro | | jrenfro@peavlerbriscoe.com | 9/16/2022 11:27:20 AM | SENT |